# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BIGLER JOBE STOUFFER II,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 05-099-JHP** |
| ) | |
| **HONORABLE THOMAS** ) | |
| **BARTHHELD, OKLAHOMA** ) | |
| **COURT OF CRIMINAL APPEALS,** ) | |
| **and MIKE MULLIN, Warden,** ) | |
| ) | |
| Respondents. ) | |

## ORDER

On May 9, 2005, the court entered an Order directing the respondent to respond to petitioner's claim concerning his attempts to represent himself in his direct appeal in the Oklahoma Court of Criminal Appeals. *See* Docket #6 at 5. All other claims were dismissed as inappropriate for this habeas corpus petition. *Id*. The respondent has filed a motion to dismiss, alleging petitioner's remaining claim now is moot. *See* Docket #10.

The record shows that on May 20, 2005, the Court of Criminal Appeals granted petitioner's petition for a writ of mandamus and ordered the Court Clerk of Pittsburg County to file petitioner's application to proceed *pro se*. *Stouffer v. State*. No. D-2003-277, slip op. at 3 (Okla. Crim. App. May 20, 2005). The Pittsburg County District Court judge was ordered to conduct a hearing on the motion and to file an order granting or denying petitioner's request. *Id*. Petitioner's appellate proceedings were tolled pending resolution of this issue. *Id*. at 4. According to The Oklahoma State Courts Network, http://www.oscn.net, petitioner's application to proceed *pro se* on direct appeal was denied

on February 13, 2006, and on March 1, 2006, petitioner's counsel was ordered to continue to represent petitioner in his direct appeal. The March 1, 2006, order also lifted the previously granted stays.

In *Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995), the Tenth Circuit Court of Appeals found that when the State grants all the relief that a federal court could grant, the federal issue becomes moot. In petitioner's instance, the Court of Criminal Appeals has addressed the issue of his *pro se* representation, so the issue is moot. Petitioner argues in his reply to the motion to dismiss [Docket #12] that this court should maintain jurisdiction in this case, presumably to oversee his direct appeal. Federal courts, however, have no supervisory jurisdiction over state courts and are without authority to direct state courts or their officers to perform their duties. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986). *See also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Luikart v. Farmers' Lumber Co.*, 38 F.2d 588 (10th Cir. 1930). Petitioner also complains of numerous other matters concerning his access to the courts and the conditions of his confinement that are not appropriate for a habeas action, as explained in this court's previous order.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is DENIED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 10th day of April 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma